(Republished)

■ In the Matter of Infant HIPPS.— Order, Family Court of the State of New York, New York County, entered on or about March 9, 1972, reversed, on the law, the facts and in the exercise of discretion and the interest of justice, without costs and without disbursements, and the matter remanded to Family Court for further proceedings in accordance with this memorandum. The stay, dated April 13, 1972, granted by McNally, J., is continued until 10 days after final disposition following the proceedings directed by this memorandum. Petitioner sought approval by Family Court of adoption by her of the child of an unwed mother; the child has been with petitioner since three days old. The approval was sought pursuant to sections 115 and 116 of the Domestic Relations Law, relating to adoption by way of private placement. The proceeding resulted in denial of the petition and an order removing the child from petitioner to place it with a well-known agency, looking toward permanent adoption by a couple of excellent reputation; this is said to be for the best interests of the child. The court found that the natural mother had not intended to consent to adoption by petitioner; evidence thereof, procured in a most informal manner and not directly from the mother, was not unequivocal. The court also opined that it is not to the child's best interests to permit adoption by petitioner, a single woman. The court denied a stay for the purpose of permitting petitioner, before final disposition, to

enter into a marriage then contemplated. We believe the evidence to have been insufficient in two important aspects to justify the result reached. The matter is therefore remanded to reopen the hearing and take further proof in these areas. As to the purported consent or lack thereof, the testimony of the natural mother should be heard, whether by commission, interrogatories, or testimony in open court, to ascertain precisely the conditions under which she delivered her child to a privately retained lawyer, and for what purpose. As to petitioner's projected marriage, proof should be taken as to whether it has in fact been performed, the attitude of the husband toward the projected adoption and his possible joinder as a petitioner, and what effect this new relationship may have on the child's well-being. There was no evidence of neglect of the child by petitioner; hence, the stay granted by this court is continued until 10 days after final disposition following the proceedings directed hereby. Concur— Stevens, P. J., Markewich, Murphy and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I would reverse and grant the petition. A time factor is involved and another hearing would only prolong the strain for everyone concerned and add little to our store of knowledge. I am satisfied now the natural mother consented that the child go to the petitioner. The latter, now married, has had the infant since she was three days old, has nobly and with self-sacrifice taken good care of all its basic needs; and, absent any showing of neglect or unfitness, the child should not now be wrested from her. Certainly not because the courts, in their omniscience, decide there are greener pastures elsewhere. [39 A D 2d 898.]